IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEANIE LOCKARD,** | : | |
| | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | NO. |
| v. | : | |
| | : | |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, GEANIE LOCKARD, by and through her attorney, Linda M. Lopez, Esq. of the Law Offices of Eric A. Shore, P.C., as and for her Complaint against Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, hereby avers as follows:

## PARTIES

1. Plaintiff, GEANIE LOCKARD (hereinafter "Plaintiff"), resides at 9357 Cacapon Road, Great Cacapon, West Virginia 25422.

2. Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "Defendant"), has corporate headquarters at One Hartford Plaza, Hartford, Connecticut 06155-0001.

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §

1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Middle District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the judicial district sufficient to subject it to personal jurisdiction, and Plaintiff was a resident of and employed in Bradford County, Pennsylvania at the time coverage under the employee welfare benefit plan that is the subject of this action was issued.

5. Pursuant to 28 U.S.C. § 1391(a)(1), § 1391(b)(2) and § 1391(c), this action is properly venued in the Middle District of Pennsylvania.

## FACTS

6. At all times hereinafter mentioned, Plaintiff was employed as an Assistant Store Manager for Tractor Supply Company, and at all times was a participant and/or beneficiary under the Short Term Disability ("STD") and Long Term Disability ("LTD") plans.

7. Plaintiff had a strong work history working for Tractor Supply Company prior to filing for STD and LTD insurance benefits.

8. The STD and LTD plans are employee welfare benefit plans specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

9. At all times material herein, Defendant made and/or participated in making all benefits decisions under the STD and LTD plans.

10. During Plaintiff's employment with Tractor Supply Company, Defendant issued both short and long term group disability income policies (hereinafter the "Policies").

11. At all times hereinafter mentioned, said Policies of insurance were issued for the benefit of certain eligible employees in exchange for the payment of premiums by Tractor

Supply Company and/or its employees.

12. At all times mentioned herein, Plaintiff was and is an employee eligible for short and long term disability benefits as an insured under the Policies.

13. Said Policies provided, among other things, that disability insurance benefit payments will be made to Plaintiff in the event that she becomes disabled as a result of injury or sickness. Under the Policies, "Disability or Disabled means You are prevented from performing one or more of the Essential Duties of: 1) Your Occupation during the Elimination Period; 2) Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and 3) after that, Any Occupation for which You are gainfully employed."

14. Plaintiff stopped working on or about May 9, 2019.

15. Plaintiff applied for and collected STD benefits from May 10, 2019 through August 9, 2019.

16. On August 29, 2019, Defendant notified Plaintiff that her claim for STD benefits was denied beyond August 10, 2019.

17. Plaintiff submitted a timely written appeal of that adverse determination.

18. On June 1, 2020, Defendant issued a final administrative denial of Plaintiff's claim for continued STD benefits.

19. Plaintiff also applied for LTD insurance benefits.

20. On December 1, 2020, Defendant notified Plaintiff that her claim for LTD benefits was denied.

21. Plaintiff submitted a timely written appeal of that adverse determination.

22. Defendant approved Plaintiff's clam for LTD benefits from November 6, 2019

through November 5, 2021.

23. On November 10, 2021, Defendant issued a denial of Plaintiff's claim for LTD benefits beyond November 6, 2021.

24. Plaintiff submitted a timely written appeal of that adverse determination.

25. On July 13, 2022, Defendant issued a final administrative denial of Plaintiff's claim for continued LTD benefits.

26. As of May 9, 2019, Plaintiff's STD and LTD coverage was in full force and effect and Plaintiff was an eligible employee.

27. From May 9, 2019 to the present, Plaintiff has been disabled within the meaning and pursuant to the terms of the Policies as she is unable to perform, on a sustained basis, either her own or any reasonable occupation, as that term is defined in the subject Policies.

28. Plaintiff's disability is caused by complications, impairments and symptoms from trigeminal autonomic cephalgia, hemiplegic migraines, hemicrania continua, bilateral carpal tunnel syndrome, bilateral foraminal stenosis at the C5-6 level with joint hypertrophy, bilateral foraminal stenosis at L4-5, broad-based disc protrusion with bilateral neural foraminal stenosis at L5-S1, chronic mild to moderate right C6-7 radiculopathy, uncontrolled hypertension, vitamin D deficiency, hypokalemia, and prediabetes, with resultant symptoms of chronic pain, chronic headaches, recurrent falls, numbness and weakness in both hands, decreased grip strength, numbness in the upper and lower left-sided extremities, spells of confusion, insomnia, dizziness, vertigo, difficulty with speech, slurred speech, difficulty with memory, rhinorrhea, lacrimation, dry heaves, nausea, photophobia, phonophobia, photopsia, facial droop, and trouble with focus and concentration.

29. Plaintiff cooperated with the Defendant in all respects, provided proper proof of

loss in support of her claims, and otherwise complied with the terms and conditions of the Policies regarding the filing and maintenance of the claims.

30. Pursuant to the Policies, Defendant has been obligated to pay periodic payment of monthly short and long term disability benefits to Plaintiff since May 9, 2019.

31. Despite Plaintiff's continued total disability, Defendant has denied STD insurance benefit payments from August 10, 2019 through November 5, 2019, and LTD insurance benefit payments beyond November 6, 2021, and continues to refuse to pay said benefits pursuant to the Policies, although payment thereof has been duly demanded.

32. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policies' terms and conditions.

33. Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that she has continuously been unable to work since May 9, 2019, due to her disabling conditions and complications from her impairments and medical conditions.

34. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of fiduciary duty.

35. Defendant's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on her ability to perform all of the essential duties of her regular occupation or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased

and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

36. Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

37. Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim.

38. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of her claims.

39. Plaintiff has attempted to exhaust and/or has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plans.

40. By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claims pursuant to 29 C.F.R. § 2560.503(1).

41. Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

42. Defendant willfully failed to comply with ERISA regulations.

43. Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

44. Plaintiff is entitled to receive the total lifetime benefit of the plans discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

45. Plaintiff is entitled to receive, in addition to the benefits due under the plans of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Geanie Lockard, demands judgment in her favor and against Defendant together for:

A. Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

B. The total lifetime benefit under the plans discounted to present value;

C. Attorneys' fees and costs of suit;

D. Interest and delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

By: *(signature)*
Linda M. Lopez, Esq.
Attorney I.D. No. 203391
LAW OFFICES OF ERIC A. SHORE, P.C.
1500 John F. Kennedy Blvd, Suite 1240
Philadelphia, PA 19102
(215) 627-9999
*Attorney for Plaintiff, Geanie Lockard*

Date: 9/12/2022